IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CLAYBOURNE, | ) |
| | ) Civil Action No. 14 - 1412 |
| Plaintiff, | ) |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| v. | ) |
| | ) Judge David S. Cercone |
| HM INSURANCE GROUP, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS
OR, IN THE ALTERNATIVE, MOTION TO STRIKE**

**I. RECOMMENDATION**

Before the Court is Defendant's December 15, 2014 Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion to Strike (ECF No. 12) ("Defendant's Motion"). For reasons more fully set forth below, it is respectfully recommended that the Motion be granted as a Motion to Strike and Plaintiff's ninety-seven (97) page, five-hundred-fifty-four (554) paragraph Complaint (ECF No. 1) alleging "racial discrimination in violation of 42 U.S.C. Section 1981 and other applicable federal and state law" be stricken. See Complaint at 1.[1]

---

[1] The substantive elements of a claim of racial discrimination under Section 1981 are the same as those of an employment discrimination claim under Title VII. See Defendant's Brief in Support at 5 (citing Brown v. J. Kaz, Inc., 581 F.3d 175, 181-82 (3d Cir. 2009)).

1

It is further recommended that Plaintiff be given leave to file a Complaint in compliance with both (a) Rule 8 of the Federal Rules of Civil Procedure, and (b) Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014) within twenty (20) days from the date of an Order adopting this Report and Recommendation ("Report").  See Thompson, *infra,* Section III (quoting Twombly's direction that a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element").

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, an African American woman, initiated this Section 1981 lawsuit, through her counsel, on October 17, 2014. Plaintiff was employed by Defendant since mid-1997 and served as the Supervisor of Administrative Claims Services for approximately nine (9) years, until she was laid off in December, 2012.  She asserts that until comparatively late in her tenure she received consistently favorable performance reviews and was recommended for five (5) promotions.

Betwixt and between its 554 paragraphs, the present gist of the complaints made in Plaintiff's prolix Complaint appear to be that Plaintiff  (a) became a target of retaliation after she opposed race or age discrimination against three (3) of her direct subordinates and served as a witness for their Equal Employment Opportunity Commission ("EEOC") claims of disparate treatment against the Department Director and Manager and (b) was thereafter given unattainable performance goals and unfavorable performance review(s), was harassed in meetings and e-mails, filed a retaliation claim with the EEOC in 2011, and was ultimately barred from reapplying for a new supervisory position when her position was pretextually

eliminated in December, 2012. <u>Compare</u> Complaint at 1 (alleging racial discrimination claim under Section 1981 and other unspecified federal and state law).

III. **STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 556 (2007); <u>Ashcroft v. Iqbal</u>, 129 S. Ct.1937, 1949 (May 18, 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

<u>Id</u>. (citing <u>Twombly</u>, 550 U.S. at 556-57).

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level,"

3

> *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

Thompson v. Real Estate Mortg. Network, 748 F.3d 142, 147 (3d Cir. 2014).

A motion to strike tests whether the Complaint conforms to the pleading requirements of the Federal Court, including (a) Rule 8(a)(2)'s requirement of a "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as (b) the requirements of facial plausibility under Iqbal and Twombly, *supra*. It is only necessary that the Complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests", and it is intended that the more precise basis of both claim(s) and defense(s), and the disputed facts and issues, be disclosed/developed through "the liberal opportunity for discovery and the other pretrial procedures established by the Rules". Brejcak v. County of Bucks, 2004 WL 377675 (E.D. Pa. Jan. 28, 2004) (quoting Burks v. City of Philadelphia, 904 F.Supp. 421, 423-24 (E.D. Pa. 1995)) (granting motions to strike 45 page, 216 paragraph complaint under 42 U.S.C. Section 1983).[2] Accordingly, the Courts have applied Rule 12(f) to dismiss, on motion or *sua sponte*, and with leave to refile, excessively and burdensomely factual complaints, declining to "accelerate the function of discovery to the pleadings stages" by requiring a defendant to answer such averments. Brejcak, *supra* at *3. See also, *e.g.*, cases cited *infra*, Section IV.

---

[2] See also id. at *3 (noting that the Federal Rules discourage the pleading of "factual averments [that] constitute evidence").

4

## IV. ANALYSIS

As indicated by the standard set forth above, where a complaint, rather than alleging the essential facts and then asserting claims that clearly refer to their factual and legal basis, instead expounds extensively on unnecessary factual details (including those of questionable or unascertainable relevance to the legal claim(s) alleged) and makes reference to uncited federal or state law, it "runs afoul of the letter and spirit of the Federal Rules". Brejcak, *supra* at *2-3 (striking, with leave to amend, 216 paragraph "tome" which, although neither excessively confused nor ambiguous, excessively recited factual details in "unfairly cumbersome" detail); id. at *3 (citing Burks, 904 F.Supp. at 424 (dismissing fact-laden complaint that described in unnecessary and burdensome detail "every instance of alleged racial discrimination perpetrated by Defendants" over a one-year period)); id. ("[I]t is reasonable to conclude that 216 separate paragraphs are excessive under notice pleading, which the Federal Rules require."). Compare Martin v. Warrington, 2002 WL 341000, *3 (E.D. Pa. Mar. 4, 2002) (declining to dismiss six claim, thirteen page complaint which was not so egregious as, *e.g.*, Burks, *supra* or Drysdale v. Woerth, 1998 WL 966020 (E.D. Pa. Nov. 18, 1998) (granting motion to dismiss, with leave to amend, "93 paragraph narrative that describe[d] in unnecessary and burdensome detail every instance of Defendants' alleged misconduct")).

The Court concurs with the conclusions of its Sister Courts that "[t]o shift the factual emphasis from [the] discovery stage back to the pleading stage distorts both the purpose and the function of the Federal Rules of Civil Procedure and the administration of [the] civil case". Brejcak, *supra* at *4 (quoting Burks, 904 F.Supp. at 424). Neither Defendant nor this Court should be "compelled to weed through the verbiage" of an extensively evidentiary complaint; neither should

5

Defendant be required to "respond to the material therein or risk having [it] deemed admitted." Untracht v. Fikri, 368 F.Supp.2d 409 (W.D. Pa. 2005) (granting motion to strike, with leave to amend, 112 page amended complaint where requiring defendants to respond to voluminous, verbose, dense and ambiguous claims would be unduly burdensome). See also Welsh v. Male, 2007 WL 906182 (E.D. Pa. Mar. 22, 2007) (striking, with leave to amend, plaintiff's 71 page, 235 paragraph complaint where defendants asserted length and specificity of facts would require a time-consuming investigation more appropriate to discovery process); Seto v. Thielen, 2010 WL 2609055, *1 (D. Hawai'i June 25, 2010) (noting, in *sua sponte* strike of complaint, relieving defendant "of the extreme burden of attempting to answer" it, that it is not the role of judges to "go on a truffle hunt in a vast field"); id. (noting that any amended complaint was required to comply with Rule 8(a)(2) as well as Twombly and Iqbal).

A review of Plaintiff's Complaint confirms Defendant's assertion that it contains extensive unnecessarily detailed and questionably relevant and/or immaterial evidentiary narrative. See Complaint; Defendant's Brief in Support at 9-11 (detailing extensive passages regarding same); id. at 11 (requesting that Plaintiff be required to "set forth only those factual averments that she contends represent an alleged adverse employment action taken against her by Defendant, as well as facts . . . that support a causal connection between such alleged adverse employment action and her race"). See also Defendant's Reply Brief at 5 (noting that Plaintiff "has made a variety of allegations on a broad range of topics that bear no reasonable relationship . . . to any adverse employment action suffered by Plaintiff and/or . . . allege[dly] relate[d] in any way to her race").

## V. CONCLUSION

For the reasons aforesaid, the Court respectfully recommends that Defendant's Motion to Dismiss or, In the Alternative, to Strike be granted and that Plaintiff's Complaint be stricken in its entirety for failure to comply with the pleading requirements of the Federal Court. It is further recommended that Plaintiff be given twenty (20) days from the date of an Order adopting this Report to file a Complaint in compliance with those requirements, as aforesaid, should she wish to proceed. See Burks v. City of Philadelphia, 904 F.Supp. 421 (E.D. Pa. 1995) (denying motion to dismiss but *sua sponte* striking, with leave to amend in compliance with Rule 8, civil rights complaint which was a "fact-laden 36-page narrative which described in unnecessary, burdensome, and often improper argumentative detail every instance of alleged racial discrimination perpetrated by defendants").

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

    /s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

March 3, 2015