IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREA CLAYBOURNE, ) | |
| ) | Civil Action No. 14 - 1412 |
| Plaintiff, ) | |
| ) | Judge David S. Cercone |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| HM INSURANCE GROUP, ) | |
| ) | |
| Defendant. | |

## REPORT AND RECOMMENDATION ON DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

**I. RECOMMENDATION**

Pending before the Court is Defendant's July 21, 2015 Motion for Summary Judgment ("Defendant's MSJ") (ECF No. 27) on the sole issue of whether Plaintiff is required, under the precedent of the Court of Appeals for the Third Circuit, and as a threshold element to a claim for retaliation in violation of 42 U.S.C. § 1981, to establish the occurrence of an actual, specific underlying violation of § 1981. (ECF No. 26).[1] See Defendant's Brief in Support of Motion for Summary Judgment (ECF No. 28) (citing Estate of Oliva ex rel. McHugh v. New Jersey, 604

---

[1] Both discovery and ADR have been stayed pending a decision on this motion.

F.3d 788, 798 (3d Cir. 2010). [2]  After careful review of the pleadings and the relevant case law, statutory and other materials, the Court concludes that Defendant's interpretation is not the precedential law of this Circuit, and it recommends that Defendant's Motion be denied for the reasons more fully set forth below.

II. **FACTUAL AND PROCEDURAL HISTORY**

As detailed in this Court's previous March 3, 2015 Report and Recommendation (ECF No. 17) recommending grant of Defendant's Motion to, in the Alternative, Strike Plaintiff's Complaint (adopted by Court Order of March 30, 2015, ECF No. 19), Plaintiff, an African American woman, initiated this Section 1981 lawsuit on October 17, 2014. Plaintiff was employed by Defendant since mid-1997 and served as the Supervisor of Administrative Claims Services for approximately nine (9) years, until she was laid off in December, 2012. She asserts that until comparatively late in her tenure she received consistently favorable performance reviews and was recommended for five (5) promotions. In a greatly abbreviated Amended Complaint (ECF No. 20) filed on April 15, 2015 at the direction of the Court, Plaintiff continues to maintain (a) that she became a target of retaliation after she opposed race discrimination (*i.e.*, an underlying direct violation of § 1981) against one of her subordinates (Donna Clark-Snooks, hereafter "Clark-Snooks") and served as a witness for that individual's Equal Employment Opportunity Commission ("EEOC") claim of disparate treatment against the Department

---

[2] The substantive elements of a claim of racial discrimination under Section 1981 are the same as those of an employment discrimination claim under Title VII. See, *e.g.*, Brown v. J. Kaz, Inc., 581 F.3d 175, 181-82 (3d Cir. 2009)).

Director and Manager,[3] and (b) that she was thereafter given unattainable performance goals and unfavorable performance review(s), was harassed in meetings and e-mails, filed a retaliation claim with the EEOC in 2011, and was ultimately barred from reapplying for a new supervisory position when her position was pretextually eliminated in December, 2012.

During the Initial Case Management Conference on June 24, 2015, the parties agreed to stipulate to pre-ADR and discovery briefing on the limited question (which Defendant asserted as potentially determinative) of the requirement of establishment of an underlying § 1981 violation. See ECF No. 26. Thus, Defendant's Motion for Summary Judgment on this issue is pending.

### III. STANDARD OF REVIEW

Summary judgment may be granted only if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

---

[3] The crux of Clark-Snooks' complaint was that her job category/workload was changed/increased with no corresponding increase in compensation while other employees whose employment was similarly altered received an increase in compensation/job grade; she took no further action on receipt of her Right To Sue notice from the EEOC. See Defendant's Brief in Support of Motion for Summary Judgment (hereafter "Defendant's BSMJ") (ECF No. 28) at 2, n. 1.

Defendant observes that two other employees, Caucasians subject to the same changes in work assignment, alleged age discrimination as the basis for their non-receipt of increased compensation/adjusted pay grade, and that Plaintiff provided EEOC testimony on their behalf as well. Id.

that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). See also Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, (1986). The moving party has the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. The party opposing the motion cannot rely merely upon bare assertions, conclusory allegations, or suspicions to support the claim; the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita, 475 U.S. at 586, and must produce more than a "mere scintilla" of evidence to demonstrate a genuine issue of material fact. See Big Apple BMW, Inc. v. BMW of North America, Inc., 974 F.2d 1358, 1363 (3d Cir.1992). See also Celotex, 477 U.S. at 324 (observing that Rule 56(e) permits a summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).

The inquiry to be made is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." The non-moving party "must be able to produce evidence that 'when considered in light of that party's burden of proof at trial, could be the basis for a jury finding in that party's favor.'" SEC v. Hughes Capital Corp., 124 F.3d 449, 452 (3d Cir.1997) (quoting Kline v. First W. Gov't Sec., 24 F.3d 480, 484 (3d Cir.1994)). Where the non-moving party fails to present evidence sufficient to establish an "element essential to that party's case, and on which that party will bear the burden of proof at trial", summary judgment is appropriate. Celotex, 477 U.S. at 322. Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a

matter of law.  Fed.R.Civ.P. 56(c)(2).

IV. **ANALYSIS**

Defendant argues that it is entitled to summary judgment as a matter of law on grounds that "in this jurisdiction . . . , in bringing a retaliation claim under Section 1981, a plaintiff is required to allege and establish that she opposed an underlying violation of Section 1981." ECF No. 28 at 2, 5 (citing Oliva *ex rel* McHugh v. New Jersey, 604 F.3 788, 789 (3d Cir. 2010)). It further maintains that Clarks-Snooks never alleged nor established a violation of § 1981 and that Plaintiff's Complaint is "devoid of any allegation that Defendant engaged in an underlying violation of Section 1981 with respect to any of Plaintiff's direct reports, or that Plaintiff's alleged participation in the EEOC investigative process was directed at opposing an underlying violation of Section 1981." ECF No. 28 at 4. Plaintiff contends that an "establishment of an underlying violation" requirement is unsettled in this jurisdiction and that she has adequately alleged - *i.e.*, sufficient to the maintenance of her claim - retaliation for her attempted assistance to an individual she reasonably believed had been subjected to race discrimination, which would constitute a violation of Section 1981. See Response in Opposition to Defendant's Motion for Summary Judgment (hereafter "Response"), ECF No. 31, at 2. The relevant jurisprudential history is as follows:

In CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008), the Supreme Court, in affirming the Seventh Circuit's reversal of summary judgment and remand for trial on the retaliation claims of a plaintiff who had complained of the discharge "of another black employee . . . for race-based reasons", affirmed the long-standing application of § 1981 to claims "of

5

retaliation against a person who has complained about a violation of another person's" protected rights. See Humphries, 553 U.S. at 445; id. at 446 ("The question before us is whether § 1981 encompasses retaliation claims. We conclude that it does."); id. at 451 (noting that the Courts of Appeals have "uniformly interpreted § 1981 as encompassing retaliation actions"). Cf. id. at 446, 453 (citing, in discussion of "pertinent interpretive history", Sullivan v. Little Hunting Park, Inc., 396 U.S. 229 (1969), which "plainly held" that an individual could maintain a "cause of action under § 1982 if he could show that he was 'punished for trying to vindicate the rights of minorities'"), id. at 448 (noting that while Sullivan interpreted Section 1982, "our precedents have long construed §§ 1981 and 1982 similarly"); id. at 454 (noting absence of any suggestion of an intent to supersede Sullivan "or the interpretation that courts have subsequently given that case").

In Oliva, a panel of the Court of Appeals for the Third Circuit affirmed the District Court's grant of summary judgment as to claims by a New Jersey State Trooper who alleged he was subject to retaliation for complaints regarding, and refusals to participate in, racial profiling in making traffic stops. In its analysis of § 1981, the panel noted the United States Supreme Court's affirmation that § 1981 encompasses not only claims of direct racial discrimination against the plaintiff but also "'the claim of an individual . . . who suffers retaliation because he has tried to help a different individual, suffering direct racial discrimination, secure his Section 1981 rights.'" 604 F.3d at 797-98 (quoting Humphries, 553 U.S. 441). The panel, however, next stated that: "In a retaliation case a Plaintiff must demonstrate that there has been an underlying section 1981 violation." Id. at 798 (citing Humphries). The Court observes, as have others, that

there appears to be no support for this requirement in Humphries.[4] Nonetheless, were a demonstration of an underlying direct individual § 1981 violation a precedential requirement to a § 1981 claim of retaliation in this jurisdiction, this Court would be bound to apply it in this case. Careful analysis leads to a conclusion that it is not.

First, the panel's decision in Oliva did *not* require that plaintiff establish an underlying direct racial discrimination violation against a specific individual. Rather, the Oliva opinion followed its citation to Humphries by both beginning and swiftly concluding its threshold analysis with the observations that:

> The record before us would justify a reasonable factfinder to conclude that [other troopers] demonstrated to Oliva how to stop, search, and, in some cases, arrest motorists without probable cause by reason of their race. Of course, that practice *would* violate section 1981's guarantee that all persons are entitled to the same 'full and equal benefit' of the law. . . . *When a trooper complains about unjustified racial profiling he engages in a protected activity and, accordingly, Oliva had a right to complain about such violations without fear of retaliation*.

604 F.3d at 798 (emphasis added, citation omitted).

Thus, Oliva found that the potential/hypothetical violation of §1981based upon the

---

[4] See, *e.g.*, Hawkins v. The Center for Spinal Surgery, 2015 WL 4168388, *2 (M.D. Tenn. July 9, 2015) (noting that "[t]he Supreme Court case on which Oliva relies . . . does not support the Oliva court's determination that there must be an underlying § 1981 violation in order to establish a § 1981 retaliation claim . . . it merely finds that § 1981 encompasses claims of retaliation); id. (noting that "it appears the Third Circuit is the only circuit that requires such a showing") (citing Ellis v. Budget Maintenance, Inc., 25 F.Supp.3d 749, 757 (E.D. Pa. 2014). (surveying other circuits)). Cf., *e.g.*, Herrera v. Churchill McGee, LLC, 545 F. App'x 499, 501 (6th Cir. 2013) ("A plaintiff may make a *prima facie* case of retaliation by showing that (1) he engaged in protected activity, (2) the activity was known to the defendant, (3) the plaintiff was subjected to a materially adverse action, and (4) there was a causal connection between the protected activity and the adverse action.").

7

plaintiff's allegations and related evidence[5] constituted a sufficient underlying basis for plaintiff's right to engage in protective conduct without retaliation. Having found in the plaintiff's favor, it engaged in no analysis of the establishment of any particular underlying violation. Rather, the Oliva decision's §1981 analysis then proceeded directly to the factors of a *prima facie* case of retaliation, *i.e.*, engagement in a protected activity, adverse employment action, and causal connection, as well as the burden-shifting and pretext analysis which follows. Id. and n. 14 (observing that the same standard applies in both Title VII and §1981 retaliation cases) (citing Humphries). And it ultimately affirmed summary judgment on the basis of Plaintiff's failure to sufficiently demonstrate non-trivial and/or non-legitimate (vs. pretextual) employment actions requisite to a claim for retaliation. See 604 F.3d at 799-802; see also, *e.g*, id. at 800 (concluding that "a reasonable inference cannot be drawn that [the employment action] likely was motivated by a desire to retaliate against [plaintiff] for complaining about racial profiling"). As this Court has previously observed, it is "more important to examine what the court did . . . than it is to analyze what the court said." United States v. Kemp, 421 F.Supp. 563, 568 (W.D. Pa. 1976) (cited in Ellis v. Budget Maintenance, Inc., 25 F.Supp.3d 749, 755 (E.D. Pa. 2014)).

Second, the language in Oliva that appears to add an additional element to a §1981 retaliation claim was dicta, as it was not outcome determinative. See *e.g.*, Central Green Co. v. United States, 531 U.S. 425, 431 (2001) ("observing that rulings *essential to the disposition of a case* are binding, but dicta are not") (cited with quoted parenthetical in Ellis, 25 F.Supp.3d at

---

[5] Cf. id. at 799 & n. 12 (noting "in fairness to" the other troopers, that the Court was "not

8

755) (emphasis added). The Oliva panel's determination that Oliva's production of sufficient evidence that he engaged in protected conduct (*i.e.*, objection to training/practices implicating race-based violations of other persons' constitutionally protected civil rights) was not outcome determinative of the Court's affirmance of summary judgment for the Defendant. To the contrary, that holding was premised on the plaintiff's failure to provide sufficient evidence of retaliatory employment actions, as detailed above.

Third, if the Oliva Court's initial consideration of the plaintiff's evidence of an underlying § 1981 violation[6] was precedential, this broad view would place Oliva in conflict with the Third Circuit's prior opinion in Jones v. School District of Philadelphia, 198 F.3d 403 (1999). More specifically, in Jones, a panel of the Court of Appeals for the Third Circuit affirmed on *de novo* review the District Court's grant of summary judgment on a plaintiff's claims of race discrimination and retaliation in violation of § 1981. In so doing, the Jones Court found that summary judgment on the underlying claims of direct racial discrimination was warranted because there was insufficient evidence that the employer's proffered nondiscriminatory reasons for its actions were pretextual. See 198 F.3d at 414-15. It then "address[ed]" the remaining claim of retaliation and found that summary judgment was warranted - *not* by judgment in the employer's favor on the underlying claims, but through the Court's separate analysis of the factors of the retaliation claim itself and the Court's finding that there was insufficient evidence that the plaintiff's termination was in retaliation for filing

---

making any . . . finding" as to Oliva's allegation that he had been instructed in racial profiling).
[6] The Court again emphasizes that Oliva concluded general as opposed to individualized consequentiality sufficient.

discrimination complaints or opposing discrimination. Id. at 415. That is, the Jones opinion's analysis clearly did not regard establishment of an underlying § 1981 violation to be a threshold requirement for a claim of retaliation. To the contrary, Jones engaged in an analysis of plaintiff's retaliation claim following affirmance of the dismissal of the underlying race discrimination claims. Thus, if a panel's mode of analysis – rather than the holdings essential to the disposition of the case before it – is considered the precedent of a case, Oliva's statement as to the establishment of an underlying violation would be *ultra vires*. The Oliva Court would not have been free to disregard the Third Circuit's prior analysis, in Jones, of the requisite elements of a § 1981 retaliation claim, which – absent an *en banc* decision - would remain the binding law of this jurisdiction. See, *e..g.*, Third Circuit Internal Operation Procedures 9.1 "Policy of Avoiding Intra-circuit Conflict of Precedent" (2015).[7]

Finally, the Court notes that the language and analysis of the Oliva decision have engendered some controversy. Our sister Court for the Eastern District of Pennsylvania has previously considered the implications of Oliva in the context of granting summary judgment on an African American janitorial employee's claim for termination in retaliation for objections to swastika graffiti at a place of employment, in violation of § 1981. See Ellis v. Budget Maintenance, Inc., 25 F.Supp.3d 749 (E.D. Pa. 2014). After correctly observing, as noted above, the Supreme Court's direction that "rulings essential to the disposition of a case are binding, but dicta are not", 25 F.Supp.3d at 755, the Ellis Court nonetheless concluded that the

---

[7] This Circuit's Internal Operating Procedures, Chapter 9 – En Banc Reconsideration, provide that "It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a

problematic sentence in Oliva was not dicta because, although it would not have changed the determination, it was part of the path of analysis, *i.e.*, "the Oliva court did what it said it was required to do." Id. This Court concurs with the rejection, in Ellis, of the plaintiff's proffered distinction between cases alleging retaliation for assisting a different individual (as in Oliva) and those alleging retaliation for complaints about direct discrimination against oneself (as in Ellis). Id. at 756. And it concurs with the Ellis Court's observations that (a) the applicable Third Circuit Model Civil Jury Instructions then provided that a plaintiff "need not prove the merits of the [activity protected under § 1981], but only that [he] was acting under a good faith belief that [ ] plaintiff's[ ] or someone else's[ ] right to be free from racial discrimination was violated" and made no mention of Oliva;[8] and (b) no other Circuit Court requires the demonstration of an underlying violation.[9] But this Court must respectfully disagree with the Ellis opinion's ultimate conclusion that – despite the "considerable" nature of the "jurisprudential tensions" – the plaintiff was required under the precedent of Oliva to "demonstrate that there had been an underlying § 1981 violation" and that failure to do so was grounds for dismissal. Id. at 757. Compare analysis, *supra*.[10]

In response to Ellis, the Third Circuit Committee on Model Civil Jury Instructions has modified the Instructions pertaining to the "Elements of a Section 1981 – Retaliation" to provide

---

precedential opinion of a previous panel. Court en banc consideration is required to do so."
[8] Id. at 756 (citing Third Circuit Model Civil Jury Instruction 6.1.6 (updated July 2012)).

[9] Id. at 757 (providing string citations).

[10] Ellis was resolved prior to an opinion on appeal.

11

an alternative instruction, in acknowledgement of Oliva and its tension with Jones.[11] See Model Civ. Jury Instr. § 6.1.6 (3d Cir. 2015). The Model Jury Instructions further note that the Circuit "has indicated that the legal standards for a retaliation claim under Section 1981 are generally the same as those applicable to a Title VII retaliation claim" but that Oliva provides "support" for the "proposition" that "Section 1981 retaliation claims require proof of an additional element". The Instructions proceed to note that "[t]o the extent that Oliva requires proof of an underlying violation, that requirement departs from the approach taken with respect to Title VII retaliation claims and retaliation claims under similar statutory schemes", that "no other circuits had adopted such a requirement" and that "[m]oreover, such a requirement appears to conflict with the understanding of at least some Justices." Instructions at 6.1.6 (discussing the Supreme Court's decision in Humphries and the absence of discussion in the majority opinion of any requirement of showing that the "discrimination forming the basis of [plaintiff's retaliation] complaints actually occurred").[12] After also noting the intra-Circuit tension ("[H]ad the Jones court believed that proof of an underlying violation of Section 1981 was required for a Section 1981 retaliation claim, the court's ruling on the discrimination claims would have dictated a ruling for the defendant on the Section 1981 retaliation claim – yet the Court of Appeals instead based its ruling . . . solely on finding a lack of evidence of causation."), the Committee concluded that "[w]ithout attempting to resolve the issue, [it] wishe[d] to ensure that users of

---

[11] The Third Circuit's prior opinion in Jones was not raised or discussed in Ellis.

[12] See also id. at n. 12 (observing that "[t]he Court of Appeals, in Oliva, spent little time on [the underlying violation] aspect of the case" and "devoted [its] much lengthier discussion to questions of causation, holding ultimately that the plaintiff had failed to establish causation as to

the[ ] instructions [were] aware of the language in Oliva" and thus provided both an instruction which "[i]n accordance with instructions from other circuits . . . directs the jury to determine both the good faith and the reasonableness of the plaintiff's belief that employment discrimination had occurred" and an alternative instruction which "implements Oliva's statement". Id.

---

any of the retaliatory acts" ).

This Court further observes that an underlying violation requirement - which would permit deliberate retaliation against an individual's good faith protective action in response to what he reasonably believed to be a race-based violation of another's constitutionally protected rights - would appear inconsistent with the broad remedial purposes of the Act. And the Court notes that the doctrinal tensions and criticisms of Oliva counsel that its statement regarding an underlying violation should be applied as narrowly as is consistent with that opinion.

Thus, after careful consideration of the law, this Court concludes that (1) Oliva did not impose a requirement of the evidentiary establishment of an actual, individual-specific underlying § 1981 violation on a plaintiff seeking redress for retaliation, (2) any suggestion to the contrary derived from the language of that opinion is derived from non-precedential dicta or mode of analysis, and (3) to the extent the opinion's non-outcome-determinative mode of analysis is considered precedent, a reading of Oliva to require establishment of an underlying § 1981 violation would bring that decision into direct conflict with the then equally-precedential mode of analysis in Jones - and that prior Court's analysis of the elements requisite to a § 1981 retaliation claim (an analysis consistent with that of every other Circuit, see *supra*) could not be superseded absent *en banc* reconsideration.

Here, Plaintiff alleges retaliation for her EEOC testimony, which was made in the good faith belief that she was assisting an individual seeking redress for underlying racial discrimination which would fall within the protections of Section 1981. At this pre-ADR, pre-discovery phase of litigation, under the applicable law as this Court has come to understand it, this is sufficient to maintain her claim. In conclusion, the Court notes, however, that Plaintiff

will be subject to the appropriate standards of evidentiary proof as this litigation proceeds relative to her claim of retaliation.

V. **CONCLUSION**

For the reasons above, the Court respectfully recommends that Defendant's Motion for Summary Judgment - premised on assertion that Plaintiff cannot, as matter of law in this Circuit, succeed on a claim for retaliation in violation of Section 42 U.S.C. § 1981 without establishing an underlying violation of that statute against an individual she sought in good faith to protect from race discrimination – be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

    /s/ Lisa Pupo Lenihan_____
Lisa Pupo Lenihan
United States Magistrate Judge

October 22, 2015